UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS R. ROE, on behalf of himself and Arch Coal, Inc. Employee Thrift Plan, and/or alternatively on behalf of a class consisting of similarly situated participants of the Plan,<br><br>      Plaintiff,<br><br>    vs.<br><br>ARCH COAL, INC., et al.,<br><br>      Defendants. | Case No. 4:15-CV-910 (CEJ) |
| ELMER BUSH, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    vs.<br><br>ARCH COAL, INC., et al.,<br><br>      Defendants. | Case No. 4:15-CV-1026 (SNLJ) |

**MEMORANDUM AND ORDER**

These related matters are before the Court on the motion of plaintiffs Elmer Bush and Douglas R. Roe to consolidate the above-captioned actions and appoint interim class counsel for plaintiffs in the consolidated action. Defendant Arch Coal, Inc. has responded in partial opposition, and the issues are fully briefed.

**I.  Background**

Plaintiffs filed separate complaints against employees of Arch Coal, Inc., alleging breach of fiduciary duties in violation of the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*  See Bush v. Arch Coal, Inc., et al., Case No. 4:15-CV-1026 (E.D. Mo. June 30, 2015); Roe v. Arch Coal, Inc., et al.,

Case No. 4:15-CV-910 (E.D. Mo. June 9, 2015). The plaintiffs seek relief pursuant to sections 409 and 502(a)(2) of ERISA, 29 U.S.C. §§ 1109 and 1132(a)(2). Plaintiffs filed the complaints as representative actions on behalf of themselves, the Arch Coal, Inc. Employee Thrift Plan (the "Plan"), and similarly situated participants and beneficiaries of the Plan. Plaintiffs move to consolidate the actions on the basis of identical questions of law and fact pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Additionally, plaintiffs request the appointment of proposed interim class counsel in accordance with Rule 23(g)(3). See Fed. R. Civ. P. 23(g)(3).

Defendant Arch Coal, Inc. filed a memorandum in partial opposition to the plaintiffs' instant motion. Arch Coal agrees with the plaintiffs' proposed schedule for initial activities, including initial disclosures, the filing of a consolidated complaint, and a schedule for answering and filing motions to dismiss. However, Arch Coal contends that the appointment of class counsel is not warranted and premature prior to the close of pleadings. Furthermore, Arch Coal argues that a formal consolidation order is unnecessary at this time.

**II.   Discussion**

   **A.   Consolidation**

Rule 42(a) provides that a court may consolidate actions before the court involving a common question of law or fact. Fed. R. Civ. P. 42(a)(2). On review of the complaints filed in the two cases, the Court finds that both actions involve common questions of law and fact. Both complaints allege that defendant-fiduciaries of the Plan breached their ERISA-mandated fiduciary duties owed to the participants of the Plan by, *inter alia*, retaining Arch Coal, Inc. common stock as an investment option in the Plan when a reasonable fiduciary under the prudent

investor standard would have done otherwise. Both actions are brought derivatively on the Plan's behalf and on behalf of a Rule 23 class. The underlying factual allegations and claims for relief are nearly identical. As such, the Court finds consolidation of the two actions under Rule 42(a) appropriate to avoid the unnecessary waste of judicial resources and additional cost and delay to the parties.

Defendant Arch Coal "agrees that there is no reason for this dispute to proceed on separate complaints or in separate cases," but suggests that an order of consolidation is unnecessary because "[p]laintiffs can file [a] new complaint in one case and dismiss the other." Def.'s Mem. [Doc. #20]. However, defendant ignores the plaintiffs' concerns regarding the potential impact of a voluntary dismissal on future proceedings. See, e.g., Fed. R. Civ. P. 41(a)(1)(B) (stating that a notice of voluntary dismissal operates as an adjudication on the merits if the plaintiff previously dismissed any federal- or state-court action based on the same claim); Fed. R. Civ. P. 41(d) (allowing a court to order a plaintiff to pay costs of a previously filed action if the plaintiff files another action based on the same claim against the same defendant). Furthermore, defendant disregards the value of consolidation under Rule 42(a) as an "important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion." Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotations omitted). As noted above, the Court finds consolidation appropriate to promote efficiency, convenience and economy of both the parties and the Court.

Additionally, Arch Coal submits that if the Court deems a consolidation order appropriate, "since Bush was the first case assigned to a district judge, the Court in its discretion could consolidate before the first-assigned judge." Def.'s Mem. at 7.

3

The Roe case was filed on June 9, 2015 and assigned the case number 4:15-CV-910. The case was initially assigned to a magistrate judge, and was later reassigned to the undersigned district judge for all further proceedings. The Bush case was filed on June 30, 2015 and assigned the case number 4:15-CV-1026. It was assigned directly to a district judge.

Local Rule 4.03 states that if a motion to consolidate is granted, "the consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case." E.D.Mo. L.R. 4.03. The rule does not provide the Court discretion in the reassignment. Nor does the rule distinguish between district and magistrate judges. See E.D.Mo. L.R. 1.06 ("Unless otherwise specified, the term 'judge' as used in these rules refers to a district judge, a magistrate judge, and, where practicable, a bankruptcy judge."). Accordingly, the plaintiffs' actions currently pending before this Court will be consolidated for all purposes under the lowest-numbered case, Roe v. Arch Coal, Inc., et al., 4:15-CV-910. Counsel for defendant is admonished to read and follow the Local Rules before filing future documents with the Court.

**B.   Appointment of Interim Lead and Liaison Counsel**

Plaintiffs also seek an order appointing the law firms of Kessler Topaz Meltzer & Check, LLP and Stull, Stull & Brody as interim co-lead class counsel, and appointing the law firm of Blitz, Bardgett & Deutsch, LC as interim liaison class counsel. Before determining whether to certify an action as a class action, Rule 23 allows a court to designate interim counsel to act on behalf of the putative class. Fed. R. Civ. P. 23(g)(3). When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under

4

Rule 23(g)(1)(A). E.g., Delre v. Perry, 288 F.R.D. 241, 247 (E.D.N.Y. 2012). These considerations include:

(1) the work counsel has done in identifying or investigating potential claims in the action;

(2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(3) counsel's knowledge of the applicable law; and

(4) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). While not statutorily required, the appointment of interim class counsel may be helpful in "clarify[ing] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Federal Judicial Center, Manual for Complex Litigation § 211.11 (4th ed. 2004).

Defendant Arch Coal makes the unremarkable observation that the Court must undertake an independent analysis of whether the requirements of Rule 23(g) are met before appointing interim class counsel. However, Arch Coal makes no argument as to why the plaintiffs' proposed counsel do not satisfy the requirements of Rule 23(g)(1)(A). On review of the plaintiffs' moving papers and attached exhibits [Docs. ## 7–10, 27], the Court finds that plaintiffs have demonstrated that their respective counsel will fairly and adequately represent the interests of the proposed class because they: (1) have adequately identified and demonstrated a commitment to investigating the potential claims in this action; (2) possess

experience in handling class actions involving the types of claims asserted in this action; (3) have knowledge of the applicable law; and (4) will devote the resources necessary to represent the proposed class. See Fed. R. Civ. P. 23(g)(1)(A). Accordingly, the Court will appoint Kessler Topaz Meltzer & Check, LLP and Stull, Stull & Brody as interim co-lead class counsel, and Blitz, Bardgett & Deutsch, LC as interim liaison class counsel of the consolidated action.

Defendant Arch Coal objects to the appointment of interim class counsel as unnecessary and improper, arguing that no other counsel currently is competing for appointment. Plaintiffs contend that their counsel would be competing for appointment as interim lead counsel but for having amicably resolved to work together to avoid any unnecessary delay in litigating the pending actions. Moreover, plaintiffs assert that other law firms are investigating whether to file suit against Arch Coal for violations of ERISA and thus constitute potential competition for lead counsel. The Court agrees with plaintiffs and finds that the now consolidated action would benefit from designated interim class counsel for efficient case management. See, e.g., Delre, 288 F.R.D. at 247 ("[I]n cases . . . where multiple overlapping and duplicative class actions have been transferred to a single district for the coordination of pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management.") (internal quotation omitted); Szymczak v. Nissan N. Am., Inc., Nos. 10-CV-7493 (VB), et al., 2012 WL 1877306, at *2 (S.D.N.Y. May 15, 2012) (overruling defendants' objection to the appointment of interim lead counsel as unnecessary and premature to ensure the consolidated cases "are administered

efficiently, the claims of named plaintiffs and the putative class members are properly prosecuted, and redundant work is minimized").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to consolidate the actions and appoint interim class counsel [Doc. #7] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiffs' request for an oral argument on their motion for consolidation and appointment of interim class counsel [Doc. #27] is **denied as moot**.

**IT IS FURTHER ORDERED** that <u>Elmer Bush v. Arch Coal, Inc., et al.</u>, 4:15-CV-1026 (SNLJ) is consolidated with <u>Douglas R. Roe v. Arch Coal, Inc., et al.</u>, 4:15-CV-910 (CEJ).

**IT IS FURTHER ORDERED** that henceforth all pleadings and other documents in this matter shall be filed in <u>Douglas R. Roe v. Arch Coal, Inc., et al.</u>, 4:15-CV-910 (CEJ).  <u>See</u> E.D.Mo. L.R. 4.03 ("[T]he consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case.  Following consolidation, all documents shall be filed only in the lowest-numbered case . . . .").

**IT IS FURTHER ORDERED** that the firms of Kessler Topaz Meltzer & Check, LLP and Stull, Stull & Brody are appointed as interim co-lead counsel, and the firm of Blitz, Bardgett & Deutsch, LC is appointed as interim liaison counsel.

**IT IS FURTHER ORDERED** that interim co-lead class counsel shall have the authority over the following matters on behalf of all plaintiffs in the consolidated action:  (1) initiating, responding to, scheduling, briefing and arguing all motions; (2) determining the scope, order and conduct of all discovery proceedings; (3) assigning such work assignments to other counsel as they may deem appropriate;

(4) retaining experts; (5) designating which attorneys may appear at hearings and conferences with the Court; (6) conducting settlement negotiations with defendants; and (7) all other matters concerning the prosecution or resolution of the ERISA actions.  Additionally, interim co-lead class counsel shall have the authority to communicate with defense counsel and the Court on behalf of all plaintiffs and the proposed class.  Defense counsel may rely on all agreements made with interim co-lead class counsel, and such agreements shall be binding. Interim liaison class counsel is charged with administrative matters, such as facilitating necessary communications between the Court and all counsel.

**IT IS FURTHER ORDERED** that defendants shall produce documents or information within **ten (10) days** of the entry of this Order sufficient to enable plaintiffs to accurately identify the specific persons who serve as the Arch Coal, Inc. Employee Thrift Plan fiduciaries, including but not limited to:  Plan documents and materials that describe the operation, administration, and management of the Plan; and documents that identify the Plan fiduciaries and describe the scope of their fiduciary duties (the "core ERISA documents").

**IT IS FURTHER ORDERED** that plaintiffs shall file a consolidated complaint no later than **thirty (30) days** after the production of the core ERISA documents. Each defendant shall file an answer or other responsive pleading to the consolidated amended complaint no later than **sixty (60) days** after its filing.

**IT IS FURTHER ORDERED** that plaintiffs shall have **forty-five (45) days** to file a response to any dispositive motions defendants direct at the consolidated complaint. Defendants shall have **thirty (30) days** to file any reply.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of November, 2015.